IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00697-PAB-CBS

U.S. ADVISOR, LLC,
USA ENCLAVE AT BELLEVIEW STATION, DST,
USA ENCLAVE AT BELLEVIEW STATION, LLC,
USA ENCLAVE AT BELLEVIEW STATION SPE, LLC, and
USA ENCLAVE AT BELLEVIEW STATION LEASECO, LLC,

                Plaintiffs,

v.

BERKSHIRE PROPERTY ADVISORS, LLC,

                Defendant.

## ORDER REMANDING CASE TO STATE COURT

The Court takes up this matter *sua sponte* on the notice of removal filed by defendant Berkshire Property Advisors, LLC [Docket No. 1].  Berkshire's notice of removal alleges that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  The notice of removal further alleges that the individual plaintiffs are "entities" or "statutory trusts" of either Delaware or Virginia, and that the defendant is a Delaware limited liability company ("LLC") whose members are a Massachusetts corporation, two Delaware LLCs, and a Massachusetts resident.

Because the defendant averred incomplete jurisdictional facts regarding the citizenship of the parties, the Court issued an order to show cause why the case should not be remanded to state court due to lack of subject-matter jurisdiction [Docket No. 63].  Defendant responded, stating that "Defendant Berkshire Property Advisors, LLC

has no additional jurisdictional facts regarding citizenship to provide to the Court other than those set forth in the Notice of Removal." Berkshire Property Advisors, LLC's Resp. to Order to Show Cause [Docket No. 65] at 1.  Berkshire has failed to meet its burden in establishing this Court's jurisdiction and, as a consequence, this case is remanded to Denver District Court for all further proceedings.

### A.  Subject-Matter Jurisdiction Generally

A federal court must assure itself of its jurisdiction over a case, even if doing so requires *sua sponte* action.  See *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter.").  Absent such assurance regarding its own jurisdiction, a court may not proceed in a case.  See *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Therefore, when a defendant removes a case from state court asserting the Court's diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Section 1332(a) requires "complete diversity"; that is, no plaintiff can be the citizen of a state of which any defendant is also a citizen. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). The citizenship of the parties must be established with specificity. *See Laughlin*, 50 F.3d at 873 ("Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice."). If complete diversity is lacking, and no other basis for jurisdiction exists, the court lacks the power to hear the case. *Laughlin*, 50 F.3d at 873-74. Where the case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). "Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873.

### B.  Citizenship of Limited Liability Companies

For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2006); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990). These considerations are irrelevant, however, to the determination of an LLC's citizenship. Although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the broad consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See Hale v. MasterSoft Int'l Pty. Ltd.*, 93

F. Supp. 2d 1108, 1112 (D. Colo. 2000); *see also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51 (1st Cir. 2006); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48 (2d Cir. 2000); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114 (4th Cir. 2004); *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077 (5th Cir. 2008);  *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731 (6th Cir. 2002); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827 (8th Cir. 2004); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *cf. Carden*, 494 U.S. at 195-96 (while not discussing LLCs in particular, noting that with regard to other types of non-corporate entities, "[w]e adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' 'the several persons composing such association,' or 'each of its members'" (internal citations omitted)).

Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes.  In other words, when an entity is comprised of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court.  *See*, *e.g.*, *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships.  A federal

court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted)); *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88-A, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be . . . .").

### C. Subject-Matter Jurisdiction in the Present Case

Defendant Berkshire has failed to account for the citizenship of all of the entities named in this litigation in either the notice of removal or otherwise. In responding to the order to show cause, defendant apparently concedes this fact. Plaintiffs, however, have filed a response in an attempt to maintain this action in federal court [Docket No. 66].[1] According to plaintiffs, defendant is engaging in litigation artifice: conceding its failure to aver sufficient jurisdictional facts because remand forestalls progress in this case and associated transactions.

---

[1] It is not entirely clear whether a plaintiff wishing to remain in a federal forum following removal may be permitted to establish a federal court's subject-matter jurisdiction over a case. However, even if plaintiffs were permitted to make such a showing, they have failed to do so here.

Whether or not plaintiffs' accusation is correct, it begs the question.[2] The fact remains that neither side has established the Court's jurisdiction over this matter. Despite plaintiffs' disclosures regarding their own citizenship, defendant's citizenship is presently unknown.[3] Moreover, irrespective of plaintiffs' desires, the Court cannot exercise jurisdiction based solely on the will of the parties. *See Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."); *see also Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) ("This jurisdictional prerequisite to removal is an absolute, non-waivable requirement.").

Plaintiffs seek to remedy this jurisdictional defect by asking the Court to force defendant to reveal its citizenship. In support, plaintiffs cite that portion of the Court's

---

[2] Gamesmanship has tainted the credibility of all of the parties' positions in this case. A byproduct of such gamesmanship is that the plaintiffs who filed the case in state court now seek to avoid remand and the removing defendant now appears willing to accept the state forum. Credibility and litigation tactics, however, do not alter the analysis given that the Court's subject-matter jurisdiction is at issue. *See Laughlin*, 50 F.3d at 874 ("[S]ubject matter jurisdiction is not a matter of equity or of conscience or of efficiency, but is a matter of the lack of judicial power to decide a controversy." (internal quotation marks omitted)).

[3] Plaintiffs offer an affidavit averring the citizenship of their alleged members without revealing their identities. The Court is doubtful that such an unverifiable showing of plaintiffs' citizenship would suffice. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004) ("[I]t is . . . well-settled that the parties' characterization of themselves or their claims is not determinative for federal jurisdiction purposes."); *see also Affordable Communities of MO v. EF & A Capital Corp.*, No. 4:08-CV-1509 CAS, 2008 WL 4966731, at *2-3 (E.D. Mo. Nov. 19, 2008) (citing *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (remanding case in part because defendants failed to allege the specific identities and citizenships of the members of an LLC which was a member of one of the defendants). However, there is no need to decide the issue today, for the failure to establish the citizenship of the defendant is enough to foreclose the Court's subject-matter jurisdiction over this case.

order to show cause stating that defendant "shall indicate the citizenship of all of the parties to this action as determined under the standards discussed above." Order to Show Cause [Docket No. 63] at 4. That statement, read in context, evinces no such requirement; it followed a mandate that "defendant shall show cause *why this case should not be remanded* to state court for lack of subject-matter jurisdiction based on diversity." Order to Show Cause at 4 (emphasis added). The only contemplated consequence of defendant's failure to show case by producing information regarding the citizenship of all of the parties was remand with the attendant possibility of an award of just costs and actual expenses under 28 U.S.C. § 1447(c).

In this case, both parties have guarded the identities of their members and, as a result, their citizenship. While various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (in discussing the citizenship of non-corporate artificial entities for diversity purposes, the Court noted that "[t]he resolutions we have reached . . . can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization."). Ultimately, the limitations that Congress has placed on federal courts' diversity-based jurisdiction require certain LLCs to decide between maintaining their members' anonymity and having their cases heard in federal court.[4]

---

[4] Were LLCs permitted to preserve the anonymity of their members, the principal rationale for diversity-based jurisdiction would not apply. Diversity jurisdiction is

### D. Conclusion

Because "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals," *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005), this Court cannot proceed under diversity jurisdiction without fully accounting for the citizenship of all of the parties. Such an accounting has not occurred in the present case. As a result, jurisdiction is lacking and remand is necessary. *See* 28 U.S.C. § 1447(c) (2006); *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *see also Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (where a court lacks jurisdiction over a removed case, it must remand rather than dismiss the case).

Furthermore, all previously entered orders, including the Preliminary Injunction Scheduling Order, are no longer valid and must be vacated. *See Cunningham*, 427 F.3d at 1245-46 (10th Cir. 2005). Therefore, it is

**ORDERED** that this case is REMANDED to the District Court, Denver County, Colorado, where it was originally filed as Case No. 2009CV3013, Courtroom/Division 5. It is further

---

intended "to prevent apprehended discrimination in state courts against those not citizens of the state." *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 74 (1938); *see McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008). An entity made up of anonymous members could hardly argue that it faces unfair hometown prejudice in state court when the entity's hometown is unknown.

**ORDERED** that because this Court lacks jurisdiction over this matter, all active orders, including the Preliminary Injunction Scheduling Order [Docket No. 14], are hereby vacated.

DATED July 10, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge